**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-22303-BLOOM/Elfenbein**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Plaintiff,

v.

ENRIQUE DEL CAMPO, and
DAVID J. NEPO,

     Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment ("Motion"), ECF No. [44]. The Defendant David J. Nepo ("Nepo") filed a Response in Opposition ("Response"), ECF No. [45]. State Farm filed a Reply in Support, ECF No. [47]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

In its Amended Complaint for Declaratory Judgment, ECF No. [27], State Farm seeks a declaration whether it is obligated to defend and/or indemnify David J. Nepo ("Nepo") with respect to an underlying action filed by Enrique Del Campo ("Del Campo") against Nepo in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [27] ¶ 13. The underlying action is styled *Enrique Del Campo v. David J. Nepo*, Case No. 2023-017080-CA-01. *Id.*

### A.  Material Facts

The following facts are not in dispute unless otherwise noted: On March 22, 2023, Nepo left home in his car and followed behind his wife's car. ECF Nos. [43] ¶ 2; [45-1] ¶ 2. At a crosswalk in front of the Porto Vita Villa Grande Club in Aventura, Nepo encountered Del Campo. ECF Nos. [43] ¶ 2; [45-1] ¶ 2. Nepo observed Del Campo walk from the sidewalk to the vehicle his wife was driving and strike the window of his wife's car, at which point Nepo got out of his vehicle and confronted Del Campo. ECF Nos. [43] ¶ 3; [45-1] ¶ 21. Nepo was carrying a concealed firearm in his waistband and, according to Del Campo, yelled, "I'm going to shoot you, motherfucker. I'm going to kill you. No one touches my wife's car." Nepo denies that he said this. ECF Nos. [43] ¶ 4; [45-1] ¶ 4.

The Parties further disagree as to how the confrontation unfurled, although both agree that Nepo kicked Del Campo in the chest. ECF No. [43] ¶ 5. Nepo contends he approached the exit of Porto Vita Villa Condominium and honked his horn at which point, Nepo claims Del Campo charged Nepo's vehicle and struck the hood of his vehicle. ECF No. [45-1] ¶ 21. According to Nepo, he then placed his vehicle in park and then exited. The vehicle lunged forward striking Del Campo in the leg causing injury. ECF No. [45-1] ¶ 22. State Farm disputes that Nepo placed the vehicle into park before the vehicle lunged forward and instead claims the video of the incident clearly shows that Nepo braked, the vehicle lunged forward, and then Nepo placed the vehicle into park and exited. ECF No. [46] ¶ 22. Nepo was arrested and charged with battery on an elderly person to which he pled *nolo contendere*. ECF No. [43] ¶ 6; ECF No. [45-1] ¶ 6.

At the time of the incident, State Farm had issued an automobile insurance policy ("Policy") to Nepo and his wife in Florida. ECF No. [43] ¶ 7; ECF No. [45-1] ¶ 7. State Farm filed the Policy as an exhibit, and its authenticity is not in dispute. ECF No. [41-1] at 10. The Policy's insuring clause states:

Case No. 25-cv-22303-BLOOM/Elfenbein

**Insuring Agreement**

> 1. *We* will pay damages an *insured* becomes legally
>    liable to pay because of:
>    a. *bodily injury* to others; and
>    b. damage to property
>    caused by an accident that involves a vehicle for which that
>    *insured* is provided Liability Coverage by this policy.

ECF No. [41-1] at 10.

The Policy also provides:

> THERE IS NO COVERAGE FOR AN *INSURED*
>
> 1.  WHO INTENTIONALLY CAUSES *BODILY
>     INJURY* OR DAMAGE TO PROPERTY;

*Id* at 8.

Del Campo sued Nepo in the Eleventh Judicial Circuit in and for Miami Dade County. ECF No. [43] ¶ 10; ECF No. [45-1] ¶ 10. Del Campo's amended complaint in the underlying action alleges that after Nepo's wife drove away, Nepo "aggressively increased the speed of his vehicle and lunged his car toward" Del Campo. ECF No. [27-3] ¶ 10. The amended complaint alleges, "[f]orcefully braking, Defendant Nepo then came to an abrupt stop just a few inches from hitting [Del Campo] with the Mini Cooper", at which point Del Campo "put his hands on the hood of the Mini-Cooper to demonstrate and/or to attempt to shield or brace himself from any impact." *Id* ¶ 11. "Despite having already stopped, within seconds, the Mini-Cooper moved forward and struck [Del Campo] in the knee area, which further caused [Del Campo] to twist his ankle." *Id*. ¶ 12. The amended complaint alleges that Nepo appeared to reach for a weapon, verbally threatened to shoot and kill Del Campo, got out of the car, "assumed an attack position and did a high karate kick, hitting [Del Campo] in chest with his shoe with significant force[.]" *Id*. ¶ 16. After the amended complaint was filed in the underlying action, State Farm filed this action seeking a declaration that

3

the Policy issued to Nepo does not require State Farm to defend or indemnify him against Del Campo's amended complaint in the underlying action. ECF No. [43] ¶ 20; ECF No. [45-1] ¶ 20.

State Farm now seeks summary judgment, arguing the Policy does not trigger a duty to defend because the underlying amended complaint does not allege a covered accident. ECF No. [42] at 5. State Farm argues that because it has no duty to defend Nepo, it also has no duty to indemnify him with respect to any liability he might have for injuries he caused to Del Campo. *Id*. at 18. Nepo responds that he has established State Farm has a duty to defend and the state court pleadings trigger coverage under the Policy. ECF No. [45] at 4-6. Nepo further argues that the intentional injury exclusion does not eliminate State Farm's duty to defend or indemnify. *Id*. at 12.

## II.    LEGAL STANDARD

### A.  Summary Judgment

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including, among other things, depositions, documents, affidavits, or declarations. See Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." Id. (quoting *Anderson*, 477 U.S. at 247-48).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Mia. Beach*, 707 F.3d 1244,

1252 (11th Cir. 2013)); see also *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-movant's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

Initially, the moving party bears the "responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); see also *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, LLC, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id*. (quoting *Celotex Corp.*, 477 U.S. at 322). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest

that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Yet, even where a non-movant neglects to submit any alleged material facts in dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave.*, Mia., Fla., 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) *1319 ("One Piece of Real Prop."). Indeed, even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving the issues presented under Rule 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc.*, 802 F.2d at 1356. Moreover, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. See *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); see also *Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

6

### B.  Duty to Defend

"Under Florida law, the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citing *Amerisure Ins. Co. v. Gold Coast Marine Distrib., Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000)). This holds true regardless of whether the allegations are later revealed to be false or even if they seem fraudulent on their face. *Kopelowitz v. Home Ins. Co.*, 977 F. Supp. 1179, 1185 (S.D. Fla. 1997) (citing *Smith v. Gen. Accident Ins. Co. of Am.*, 641 So. 2d 123, 123 (Fla. 4th DCA 1994) and *St. Paul Fire & Marine Ins. v. Icard*, 196 So. 2d 219 (Fla. 2d DCA 1967) ); *see also Diamond State*, 172 F. Supp. 3d at 1335 ("The actual facts of the situation are not relevant, such that 'the insurer must defend even if facts alleged are actually untrue or legal theories unsound.'") (quoting *Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995)).

Courts in Florida will typically analyze the duty to defend by comparing the coverage afforded under the policy to the allegations in the underlying complaint. *See Feldman v. Imperium Ins. Co.*, No. 8:14-cv-1637-T-30EAJ, 2015 WL 5854153, at *7 (M.D. Fla. Oct. 5, 2015). Upon a review of the underlying complaint, if the allegations state facts that bring the claim within the policy's coverage, the insurer is required to defend the insured regardless of the claim's merits. *State Farm*, 393 F.3d at 1230. All doubts relating to the duty to defend must be resolved in the insured's favor. Id. When the underlying complaint "contains allegations partially within and partially outside the scope of coverage, the insurance carrier is required to defend the entire suit." *Tropical Park, Inc. v. U.S. Fid. & Guaranty Co.*, 357 So. 2d 253, 256 (Fla. 3d DCA 1978); *see also McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Assoc.*, 758 So. 2d 692, 695 (Fla. 4th DCA 2000)

("[A]n insurer must defend a lawsuit against its insured if the underlying complaint, when fairly read, alleges facts which create potential coverage under the policy.").

## III.   DISCUSSION

### A.   Duty to Defend

State Farm points out the Policy specifies it only covers injuries "caused by an accident". ECF No. [44] at 10. Moreover, State Farm avers that Nepo's actions are excluded by the Policy's intentional-acts exclusion which states:

> THERE IS NO COVERAGE FOR AN **INSURED**
>
> 1.   WHO INTENTIONALLY CAUSES **BODILY INJURY** OR DAMAGE TO PROPERTY;

ECF No. [41-1] at 10.

State Farm argues the injuries sustained by Del Campo were not caused by an "accident" and the allegations in the amended complaint describe an intentional act. ECF No. [44] at 10. Specifically, State Farm contends that there is "nothing even arguably accidental about Nepo getting out of his car and karate-kicking Del Campo…" *Id*. Moreover, State Farm avers that the amended complaint in the underlying action was "careful not to go so far as to allege that the second lunge was unintentional." *Id*. at 11. State Farm reasons that the amended complaint alleges only that Nepo "testified that the movement of the vehicle that caused the Mini Cooper to strike [Del Campo] was not purposeful and was the result of the car being placed into '[p]ark'". *Id*. at 11 (citing ECF No. [27-3] ¶ 38). State Farm argues that such language "…is nothing more than an allegation that Nepo gave testimony mischaracterizing the intentional actions otherwise alleged in Del Campo's amended complaint." *Id*. As such, State Farm argues that even if Nepo's testimony is taken at face value, an issue of fact on summary cannot be created by self-serving testimony that blatantly contradicts what is shown in a video recording whose authenticity has not been

challenged. *Id*. State Farm contends the video shows that the "second lunge" shows Nepo's vehicle to clearly accelerate as opposed to rocking in place like a vehicle does when placed into "park". *Id*.

State Farm contends that even if the Court accepts Nepo parked the vehicle prior to it striking Del Campo, that negligence during an assault-in-progress does not convert an intentional criminal act into an "accident". *Id.* at 12 State Farm cites to *Hartford Fire Ins. Co. v. Spreen*, 343 So. 2d 649, 651 (Fla. 3d DCA 1977) for support. In *Spreen*, the insured committed an assault and battery upon an individual who made a crude and insulting remark about the insured's wife. The insured argued that the incident should be covered under his homeowner's insurance policy because while he intended to hit the man who insulted his wife, he did not foresee the extent of the injuries he caused, and therefore, did not intend them. *Spreen*, 343 So. 2d at 651. The court determined that the sole issue in determining coverage was whether the insured intended to inflict any harm. To do otherwise, the Court reasoned, would be "a subtle method of introducing the tort rule of foreseeability into insurance contract cases through the back door", which has been repeatedly rejected by Florida courts. *Id*. (citing *Gulf Life Insurance Co. v. Nash*, 97 So.2d 4 (Fla. 1957); *Grange Mutual Casualty Co. v. Thomas*, 301 So.2d 158 (Fla. 2d DCA 1974); *Phoenix Ins. Co. v. Helton*, 298 So.2d 177 (Fla.1st DCA 1974); *Cloud v. Shelby Mutual Insurance Co.*, 248 So.2d 217 (Fla.3d D.C.A.1971); *Harvey v. St. Paul Western Insurance Cos.*, 166 So.2d 822 (Fla. 3d DCA 1964)).

Nepo responds that he has established a duty to defend. ECF No. [45] at 4. He argues that, in light of the amended complaint's allegations of negligence due to the insured vehicle striking his leg and injuring his ankle, he has asserted a claim covered under the terms of the Policy. *Id*. at 6. Nepo further argues that the "accident" clearly involved the insured vehicle and that, by the terms

of the Policy, Nepo's action need not "arise" out of the use of the vehicle but merely "involve" the vehicle. *Id*. at 9. Moreover, Nepo points out that the Policy does not define the term "accident" and requires a more liberal definition of the term. *Id*. at 7. Nepo relies on *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072 (Fla. 1998), in which the Supreme Court of Florida determined that where the term "accident" in a liability policy is not defined, the term encompasses not only accidental events, but also injuries or damage neither expected nor intended from the standpoint of the insured. 720 So. 2d at 1076. Nepo contends that to exclude coverage under intentional acts, State Farm must establish that Nepo specifically intended to cause Del Campo's alleged injuries. *Id*. at 14. Nepo avers that the amended complaint alleges Nepo was negligent and therefore, the intentional-acts exclusion is inapplicable. *Id*.

### i. Whether the incident was an "accident" or is excluded by the Policy's intentional-acts exclusion

As State Farm points out, the Policy only covers injuries "caused by an accident." ECF No. [41-1] at 10. However, "accident" is not defined in the Policy. Under Florida law, "…where the term 'accident' in a liability policy is not defined, the term, being susceptible to varying interpretations, encompasses not only 'accidental events,' but also injuries or damage neither expected nor intended from the standpoint of the insured." *CTC Dev. Corp.*, 720 So. 2d at 1076.

To determine whether an act was an accident or intentional, the Court must look to the specific facts pled in the amended complaint. Though two of the counts are labeled as negligence-based causes of action, "[t]he theories advanced and labels used in a complaint are subordinate to the facts alleged for the purpose of determining the duty to defend." *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1145 (11th Cir. 2011). In count III of the amended complaint asserting negligence, Del Campo alleges:

> 37. As Plaintiff was crossing the exit lane of the Porto Vita condominium and Defendant Nepo having come to an abrupt stop just a few inches before hitting

Plaintiff with the Mini Cooper, Defendant began yelling at Plaintiff from the inside of the vehicle. Plaintiff put his hands on the hood of the Mini-Cooper to demonstrate his presence and to attempted to shield or brace himself from any impact. Within seconds, the Mini-Cooper moved forward and struck Plaintiff in the knee area, which further caused Plaintiff to twist his ankle.

38. Defendant Nepo has testified that the movement of the vehicle that caused the Mini Cooper to strike Plaintiff in his lower extremities was not purposeful and was the result of the car being placed into "Park."

39. By stopping the vehicle so close to Plaintiff, Defendant Nepo breached his duty of reasonable care to the Plaintiff. Moreover, it was reasonably foreseeable that the car would either strike Plaintiff at the time of Defendant's braking or in the immediate aftermath of stopping the vehicle so close to Plaintiff's body – as it did when, according to Defendant, he placed the vehicle into "Park" and the car moved forward the remaining minimal distance between the Mini Cooper and Plaintiff and struck Plaintiff.

ECF No. [27-3] ¶¶ 37-39.

Here, the allegations within count III support a claim for negligence rather than an intentional act. Specifically, Del Campo alleges Nepo was negligent in stopping the vehicle so close to him and supports this by referring to Nepo's testimony that the movement of the vehicle that caused the Mini Cooper to strike Del Campo was "not purposeful". Thus, under *CTC Dev. Corp.*, Nepo's assertion that the strike was "not purposeful" can be construed to mean that, from the standpoint of the insured, he neither expected or intended the impact or resulting injuries suffered by Del Campo when the vehicle struck him. Moreover, "[i]f the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend." *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985). Though State Farm argues the amended complaint does not adopt the "not purposeful" testimony of Nepo, the allegation forms the basis for the claim that Nepo breached his duty of reasonable care to Del Campo by stopping the vehicle so closely to him.

State Farm contends that even if Nepo's testimony was taken at face value, such testimony is contradicted by the uncontested video evidence. ECF No. [44] at 11. State Farm argues the video recordings provided in support of its Motion show that Nepo's testimony is inconsistent with what happened. *Id*. State Farm contends the videos show Nepo's vehicle clearly accelerates, as opposed to "rocking in place like a vehicle does when placed into "[p]ark". *Id*. at 12.

However, pursuant to Florida law, "the determination of an insurer's duty to defend falls under the so-called 'eight corners rule,' the name of which refers to the four corners of the insurance policy and the four corners of the underlying complaint." *Addison Ins. Co. v. 4000 Island Boulevard Condo. Assoc. Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (citing *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174, 182 (Fla. 4th DCA 2015)). When adjudicating whether the insurer has a duty to defend, the Court only considers the facts "from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire and Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citing *Amerisure Ins. Co. v. Gold Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580–81 (Fla. 4th DCA 2000)).

Only in "exceptional cases" may the court consider extrinsic evidence beyond the eight corners rule to determine if a duty to defend exists. *Mt. Hawley Ins. Co. v. H&M Builders, LLC*, 711 F. Supp. 3d 1373, 1379 (S.D. Fla. 2024) (citing *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014)). First, a court may consider extrinsic facts "if those facts are undisputed, and, had they been pled in the complaint, they clearly would have placed the claims outside the scope of coverage." *Stephens*, 749 F.3d at 1323 (citing *Nateman v. Hartford Cas. Ins. Co.*, 544 So.2d 1026 (Fla. 3d DCA 1989)). Second, a court may consider extrinsic evidence "where an insurer's claim that there is no duty to defend is based on factual issues that would not normally

be alleged in the complaint." *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5, 10 n.2 (Fla. 2004).

State Farm does not argue that either the first or second circumstances for considering extrinsic facts exists in this case, and instead relies upon *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) and *Shaw v. City of Selma*, 241 F. Supp. 3d 1253, 1267 n.10 (S.D. Ala. 2017) for its assertion that the video can be considered. However, neither of these cases concern an insurer's duty to defend and thus are not applicable. Moreover, even if the Court could consider the video, it cannot determine from the video alone whether Nepo's vehicle was placed into "park" prior to moving forward and striking del Campo.

State Farm contends that even if Nepo placed his vehicle into "park", Nepo's negligence during an assault in progress does not convert an intentional criminal act into an accident, relying on *Spreen*. However, *Spreen* is distinguishable as the intentional act that took place and resulting harm were one and the same. There, the insured intended to punch the victim but claimed he did not intend to cause the severity of the harm resulting from the punch. 343 So. 2d at 650. Here, in contrast, there is no allegation in the amended complaint that Nepo intended to strike Del Campo with his vehicle. To the contrary, the allegations in the amended complaint assert that Nepo came to a stop before the vehicle moved forward.

State Farm also attempts to analogize this case to *Landis v. Allstate Ins. Co.*, 546 So. 2d 1051 (Fla. 1989). In *Landis*, the Supreme Court of Florida held that, in a child molestation action, it is "inherent in the logic of our system that 'some form of harm inheres in and inevitably flows from the proscribed behavior.'" 546 So. 2d at 1053. State Farm argues that aggressively lunging a vehicle toward a pedestrian is an act from which some harm inevitably flows. ECF No. [47] at 9.

However, State Farm fails to cite to any case to support its claim that *Landis* has been extended outside of the context of child molestation cases.

For the foregoing reasons, the Court finds that State Farm has a duty to defend in the amended complaint since Del Campo has asserted a viable negligence claim. Moreover, the Eleventh Circuit, applying Florida law, determined that "if the complaint alleges covered and non-covered claims, the insurer's duty to defend is triggered and obligates the insurer to defend the entire suit." *Travelers Indem. Co. of Ill. v. Royal Oak Enterprises, Inc.*, 429 F. Supp. 2d 1265, 1272 (M.D. Fla. 2004), aff'd, 171 Fed. Appx. 831 (11th Cir. 2006) (citing *Trizec Prop., Inc. v. Biltmore Constr. Co.,* 767 F.2d 810, 811 (11th Cir. 1985)). As such, the Court need not address the other counts in the amended complaint. Moreover, the Eleventh Circuit has established that "the duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims." *J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 Fed. Appx. 918, 927 (11th Cir. 2014). As such, it would be premature for this Court to rule on State Farm's duty to indemnify. Therefore, the case will be administratively closed until there is a final judgment, settlement, or a final resolution in the underlying action.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. State Farm's Motion for Summary Judgment, **ECF No. [44]**, is **DENIED**.

2. The Court **DECLARES** that:

   a. State Farm is obligated to defend David J. Nepo with respect to the underlying action that Enrique del Campo filed against him in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-017080-CA-01.

3. The Court will issue its final judgment in a separate order.

4. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings, court appearances, and trial are **CANCELED**, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record