**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-22303-BLOOM/Elfenbein**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

      Plaintiff,

v.

**ENRIQUE DEL CAMPO and**
**DAVID J. NEPO,**

      Defendants.

_____/

**OMNIBUS REPORT AND RECOMMENDATIONS**

      **THIS CAUSE** is before the Court on Defendant David J. Nepo's ("Nepo") Request for Attorney's Fees, Costs or Related Expenses (the "Fee Motion"), ECF No. [56], and Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Bifurcate Defendant Nepo's Request for Attorney's Fees, Costs or Related Expenses (the "Motion to Bifurcate"), ECF No. [57]. State Farm filed a Response in Opposition to the Fee Motion (the "Fee Response"), ECF No. [59], to which Nepo filed a Reply (the "Fee Reply"), ECF No. [61]. Nepo filed a Response in Opposition to the Motion to Bifurcate ("the Bifurcation Response"), ECF No. [60], to which State Farm filed a Reply (the "Bifurcation Reply"), ECF No. [64]. The Honorable Beth Bloom referred both Motions to the undersigned for a Report and Recommendations. ECF No. [58]. Having reviewed the Motions, the Responses, the Replies, the record, and the relevant law, the undersigned respectfully **RECOMMENDS** that the Fee Motion, **ECF No. [56]**, be **DENIED**, and that the Motion to Bifurcate, **ECF No. [57], be DENIED AS MOOT**.

I.      BACKGROUND

This declaratory-judgment action concerns whether State Farm must defend or indemnify Nepo under an automobile insurance policy (the "Policy") in connection with a personal-injury lawsuit (the "Underlying Action") against him in Florida state court.  *See* ECF No. [27].  The Underlying Action arises out of a March 22, 2023 incident in Miami-Dade County, Florida, in which Defendant Enrique Del Campo ("Del Campo") was injured during an encounter with Nepo. *See* ECF No. [27] at ¶10.  While Del Campo was walking across the crosswalk in front of the Porto Vita Condominium building located at 20001 East Country Club Drive, Aventura, Florida, Nepo approached the crosswalk driving his Mini Cooper.  *Id.*  As Nepo approached the crosswalk, he "aggressively increased the speed of the Mini Cooper and lunged it toward [Del Campo]," forcefully braking to a stop just inches before hitting Del Campo.  *Id.* at ¶11.  After the car stopped, it moved forward and struck Del Campo in the knee, allegedly twisting his ankle.  *Id.*  Nepo then exited the vehicle and kicked Del Campo in the chest area, leaving behind a shoe print on Del Campo's shirt.  *Id.* at ¶12.  Nepo was subsequently arrested and charged with battery on a person over sixty-five years of age, to which he entered a plea of *nolo contendere*.  *Id.*

On September 4, 2025, Del Campo moved for leave to amend his complaint in the Underlying Action to add a negligence count against Nepo, relying on Nepo's deposition testimony that his vehicle moved forward the final few inches only after Nepo placed it in "park," claiming that the resulting contact "was not a purposeful or intentional act."  *See* ECF Nos. [27] at ¶¶15-16; [27-1] at ¶¶3-4.  On September 11, 2025, the Florida state court granted Del Campo's Motion for Leave to Amend the Complaint, and Del Campo filed the operative Amended Complaint in the Underlying Action soon thereafter.  *See* ECF Nos. [27] at ¶17; [27-2]; [27-3].

Through this action, State Farm seeks a declaration of its obligations to Nepo under the Policy, including whether it owes Nepo a duty to defend and/or a duty to indemnify with respect to the Underlying Action. *See* ECF No. [27] at 10. Specifically, State Farm seeks a declaration of whether the Policy issued to David and Lauren Nepo for the 2023 Mini Cooper, which carries bodily injury liability limits of $100,000 per incident and $300,000 per accident, obligates State Farm to defend or indemnify Nepo with respect to the Underlying Action. *See* ECF No. [27] at ¶¶25, 29. The dispute is focused on two related issues: (1) whether the insuring agreement, which limits coverage to bodily injury "caused by an accident," obligates State Farm to defend and indemnify Nepo with respect to the Underlying Action, and (2) whether the Policy's exclusion for intentional acts bars coverage for an insured "who intentionally causes bodily injury or damage to property." *Id.* at ¶¶26-27. The Underlying Action remains pending in Florida state court. *Id.* at ¶24.

By letter dated November 5, 2024, and addressed to Nepo, State Farm advised that it "*may have no duty to pay, indemnify, defend, or otherwise perform under the policy*" because it was "*questionable* whether the bodily injury was caused by an accident," identified the Policy's exclusion for intentionally caused bodily injuries, and stated that it "*reserves all its rights under the policy*, including the right to deny coverage in its entirety." *See* ECF No. [65-1] (emphasis added). Notwithstanding those reserved rights, State Farm provided Nepo with a defense in the Underlying Action through counsel Brandon Polsky from the law firm of Wicker Smith O'Hara McCoy & Ford, P.A. *See* ECF No. [41-2] at 4 (reflecting the appearance of Wicker Smith as counsel on Nepo's behalf at his deposition in the Underlying Action, with Roy Lustig, Esq., introduced as Nepo's "personal counsel"). Indeed, State Farm reiterated its position that it had been providing Nepo with a defense under a reservation of rights in this lawsuit. *See* ECF Nos.

[29] at ¶9; [29-1] at ¶¶3-4 ("State Farm is defending David Nepo under a reservation of rights. State Farm retained the law firm Wicker Smith O'Hara McCoy & Ford, P.A. ('Wicker Smith') to represent David Nepo.").

State Farm moved for summary judgment, contending that the Policy imposed no duty to defend because the Underlying Action did not allege a covered "accident" and the intentional-acts exclusion applied. *See* ECF Nos. [44]; [53] at 4, 8. On April 13, 2026, the Honorable Beth Bloom denied State Farm's motion and entered a declaratory judgment in Nepo's favor, declaring that State Farm "is obligated to defend David J. Nepo with respect to the [U]nderlying [A]ction." ECF No. [53] at 14. Applying Florida's eight-corners rule, the Court determined that the negligence count in Del Campo's Amended Complaint in the Underlying Action alleged a potentially covered "accident" sufficient to trigger a duty to defend the entire suit. *See id.* at 11-14. The Court further held that any ruling on the duty to indemnify would be premature pending final resolution of the Underlying Action, so it administratively closed the case. *Id.* at 14.

On April 30, 2026, Nepo filed the Fee Motion seeking an award of attorney's fees and costs under § 86.121, Florida Statutes, in the total sum of $50,039.10, broken down as $49,315.00 in attorney's fees and $724.10 in costs. ECF No. [56] at ¶¶4-6. On May 13, 2026, State Farm filed the Motion to Bifurcate, asking the Court to determine Nepo's entitlement to an award before determining the amount of any award, and to extend State Farm's deadline to serve the particularized objections required by Local Rule 7.3(a). *See* ECF No. [57] at 5. The next day, State Farm filed the Fee Response, which contests Nepo's entitlement to any award and sets out particularized objections to Nepo's hourly rate and to specific time entries and costs. *See generally* ECF No. [59].

## II.    LEGAL STANDARDS

### A.  Local Rule 7.3 and the Applicable Procedural Framework

Before reaching the merits of Nepo's Fee Motion, the Court identifies the governing procedural framework.  This is a federal diversity action in which Nepo seeks to recover his attorney's fees pursuant to Florida Statute § 86.121 — a substantive Florida law that applies to the recovery of attorney's fees here.  *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (explaining that statutes allowing for recovery of attorney's fees are substantive Florida law applicable in federal diversity cases).  While § 86.121 provides for the entitlement to attorney's fees, Local Rule 7.3(a) sets forth the applicable deadline and procedures for filing a motion seeking attorney's fees.  *See* S.D. Fla. L.R. 7.3(a)(1).

Local Rule 7.3(a) requires that a party file a motion for attorney's fees within 60 days of the entry of the judgment or order giving rise to the claim.  *See* S.D. Fla. L.R. 7.3(a)(1); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (affirming that Local Rule 7.3's filing deadline governs motions for attorney's fees in the Southern District of Florida and controls over any conflicting procedural timing requirement).  It further requires the motion to identify the judgment and statutory basis for the award, state the amount sought, disclose the applicable fee agreement, provide the identity, experience, qualifications, hours, tasks, and rates of each timekeeper, be supported by documented invoices, and be verified.  *See* S.D. Fla. L.R. 7.3(a)(2)-(7).  Local Rule 7.3(b) additionally requires the movant to serve a draft of the motion on the opposing party no later than 30 days before the filing deadline and to attempt in good faith to resolve disputed issues before filing.  *See* S.D. Fla. L.R. 7.3(b).  Where a party has made reasonable efforts to confer but has been unable to obtain a response, the movant may so certify and the motion will nonetheless be considered.  *See* S.D. Fla. L.R. 7.3(a)(8).

## B. Bifurcation of Entitlement and Amount

Federal Rule of Civil Procedure 54(d)(2)(C) provides that the court "may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). The Local Rules also incorporate that mechanism: "Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount." *See* S.D. Fla. L.R. 7.3(a).

"Courts in this district have applied the guidelines set out in Rule 42(b) 'when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount.'" *Rockwell Prop. Inc. v. Century Sur. Co.*, No. 23-CV-10083-KMM, 2024 WL 5264411, at *1 (S.D. Fla. Nov. 20, 2024) (citations omitted). Rule 42(b), in turn, permits separate resolution of issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Only one of those rationales needs to be shown. *Rockwell*, 2024 WL 5264411, at *1. The party seeking bifurcation bears the burden of demonstrating that it is warranted. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345-46 (S.D. Fla. 2008).

## III.    DISCUSSION

Nepo seeks an award of attorney's fees, costs, and related expenses solely under § 86.121. *See* ECF No. [56] at ¶¶3, 5. The statute authorizes a fee award only "[i]n an action brought for declaratory relief in state or federal court to determine insurance coverage after the insurer has made *a total coverage denial of a claim*." § 86.121(1), Fla. Stat (emphasis added). The statute further provides that "[a] defense offered by an insurer pursuant to a reservation of rights does not constitute a coverage denial of a claim." *Id.* § 86.121(1)(b). While Nepo contends that State Farm, by filing this declaratory judgment action, denied its obligation to provide a defense and indemnity to Nepo, *see* ECF No. [61] at 1-2, State Farm disputes that, arguing that it has provided and

continues to provide a defense to Nepo based on a reservation of rights, *see* ECF No. [59] at 2. As a result, State Farm contends that it did not make a total coverage denial, so the fee-shifting provision under § 86.121 does not apply here.

Because § 86.121 was only recently enacted, there is no case law interpreting its provisions, so the Court starts its analysis with the text of the statute. "As a general rule, statutory construction begins with the plain meaning of the statute," and "[w]here a statute's language is plain and unambiguous, its plain meaning will control and further statutory construction is not necessary." *Petty v. Fla. Ins. Guar. Ass'n*, 80 So. 3d 313, 317 n.2 (Fla. 2012). The court must also "presume that the Legislature intended the words it chose to include in the statute." *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 304 (Fla. 2017). The text of § 86.121 unambiguously makes an award of attorney's fees in favor of the insured in a declaratory judgment action contingent upon two things: (1) "a total coverage denial of a claim" and (2) the "rendition of a declaratory judgment in favor of the named insured. . . ." *See* § 86.121. Regarding the first requirement, the statute clarifies that if an insurer offers the insured a defense "pursuant to a reservation of rights," that "does not constitute a coverage denial of a claim." *Id.* Here, the Parties do not dispute that the second requirement for a fee award has been met as the District Court entered a declaratory judgment in Nepo's favor on the duty to defend. *See* ECF No. [53] at 14. The dispute centers on the first requirement — whether State Farm made a total coverage denial of the claim against Nepo or whether it provided a defense under a reservation of rights.

The Court finds that State Farm did not make a total coverage denial of Del Campo's claims against Nepo. First, the November 5, 2024 reservation-of-rights letter that State Farm sent to Nepo explains that it "*may* have no duty to pay, indemnify, defend, or otherwise perform under the policy" and that it was "*questionable* whether the bodily injury was caused by an accident,"

identifying the Policy's intentional-acts exclusion as a potential bar to coverage. *See* ECF No. [64-1] (emphasis added). This conditional language is not an outright denial of coverage. Rather, the letter explains that there may not be coverage for the claims because of the intentional-acts exclusion. Consistent with that conditional language, the letter goes on to explain that it "reserves all its rights under the policy, including the right to deny coverage in its entirety." ECF No. [64-1]. Thus, this letter did not deny coverage, refuse to defend, or decline to indemnify. *See id.* It instead conditionally preserved State Farm's right to take those positions in the future while State Farm continued investigating the claim. *See id.*

State Farm's position in the Underlying Action remained consistent with its reservation-of-rights letter. By providing Nepo with a defense in the Underlying Action and continuing to provide that defense, State Farm has defended Nepo under a reservation of rights. *See* ECF No. [41-2] at 4 (reflecting the appearance of insurance defense counsel on Nepo's behalf at his deposition in the Underlying Action); [29-1] at ¶¶3-4 ("State Farm is defending David Nepo under a reservation of rights. State Farm retained the law firm Wicker Smith O'Hara McCoy & Ford, P.A. ('Wicker Smith') to represent David Nepo."). An insurer that is actively defending its insured in the underlying liability action is not making a complete denial of coverage.

Nepo argues that he was "compelled to respond to [State Farm's] Declaratory Action solely because State Farm was denying any obligation to defend or indemnify its insured." ECF No. [61] at 2. The critical inquiry here, however, is whether State Farm offered a defense pursuant to a reservation of rights, regardless of whether State Farm filed a declaratory judgment action in which it denied its obligation to defend or indemnify the insured at summary judgment. Section 86.121 unambiguously states that there is no "coverage denial of a claim" under its provisions if the insurer provides a defense under a reservation of rights. Here, the record is clear that State Farm

announced its intention at the outset to reserve its rights under the Policy and provided Nepo with defense counsel in the Underlying Action.   Under these facts, the Court finds the threshold requirement for an award of attorney's fees under § 86.121 — total coverage denial of Nepo's claim — has not been met.  Accordingly, Nepo is not entitled to an award of attorney's fees, costs, or related expenses under § 86.121, so the Fee Motion should be denied.

In the pending Bifurcation Motion, State Farm asks the Court to determine whether Nepo is entitled to any fee award before the parties litigate the amount of any such award, citing to Rule 54(d)(2)(C) and Local Rule 7.3(a).  *See* ECF No. [57].  Because the Court has already determined that Nepo is not entitled to an award of attorney's fees under § 86.121, the undersigned need not address the amount of such an award or State Farm's objections to Nepo's hourly rate or to his specific time entries and costs, making the request to bifurcate a decision on entitlement moot. Similarly, State Farm's request for an extension of time to file objections to defense counsel's hourly rates and specific time entries is also moot given State Farm's contemporaneous filing of the Fee Response, ECF No. [59].  Accordingly, the Bifurcation Motion, ECF No. [57], should be denied as moot.

## IV.   CONCLUSION

For the reasons explained above, the undersigned respectfully **RECOMMENDS** that**:**

1. Nepo's Request for Attorney's Fees, Costs, or Related Expenses, **ECF No. [56]**, be **DENIED**; and

2. State Farm's Motion to Bifurcate, **ECF No. [57]**, be **DENIED AS MOOT.**

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to timely

Case No. 25-CV-22303-BLOOM/Elfenbein

file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED in** Chambers in Miami, Florida on July 30, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

10